# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor,<br>United States Department of Labor,<br><br>     Plaintiff,<br><br>v.<br><br>MAYNARD CLEANING COMPANY and<br>VERNAL MAYNARD,<br><br>     Defendants | )<br>)<br>)<br>)  Civil Action No. 2:23-cv-2445<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the defendants Maynard Cleaning Company and Vernal Maynard (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2), 215(a)(3) and 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act, for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from September 26, 2018 through September 25, 2020 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

**Jurisdiction and Venue**

1.      This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2.      This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3.      Defendant Maynard Cleaning Company is a corporation within this Court's jurisdiction with an office at 1445 N. Winchester Street, Olathe, Kansas where it conducts business.

4.      Maynard is janitorial cleaning company that cleans both residential and commercial properties in the Kansas City metro area.

5.      Defendant Vernal Maynard has actively managed and supervised Maynard's operations and its employees during the Investigation Period. Among other things, Vernal Maynard has hired and fired employees, set their work schedules, and set their pay rates.

6.      Defendant Vernal Maynard has acted directly or indirectly in Maynard's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7.      During the Investigation Period, Defendants engaged in business within Johnson County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

8.      Maynard Cleaning Company is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9.      Maynard Cleaning Company is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

10.      Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek.  Defendants paid straight time for overtime, paid overtime after 80 hours per pay period, and/or failed to compensate employees for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11.      Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516. Defendants failed to accurately record and retain employee time records.

**Remedies Sought**

12.      As a result of their FLSA violations, Defendants owe the employees listed in Appendix A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

13.     Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Acting Secretary does not currently know.

14.     As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

**Prayer for Relief**

As a result of Defendants' repeated FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A.     Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), 215(a)(3) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B.     Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Appendix A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C.     If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.     Providing such other relief as may be necessary and appropriate.

E.     Awarding costs and granting such other and further relief as may be necessary and appropriate.

4

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT VAN WIJK**
Associate Regional Solicitor

*/s/ Traci Martin*
Traci Martin (KS Bar No. 24284)
Ambriel Renn-Scanlan

U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
martin.traci.e@dol.gov
(816) 285-7272

*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*

## APPENDIX A

| | |
|---|---|
| Allen, Terri | Kamu, Henry |
| Angel, Hugo | Kendall, Keri |
| Baker, Jon | Koag, Charon |
| Basabose, Peter | Leeks, Josiah |
| Bedford, Megan | Lidge, David |
| Behrens, Cassie | Lidge, Terron |
| Behrens, Zara | Lindsey, Robert |
| Bigby, Jordan | Maiden, Tilda |
| Bradbury, Gabrielle | Martinez, Rocio |
| Bray, Katie | Mays, Jayron |
| Burden, Gabriel | McAbee, Goldman |
| Carter, Carl | McClain, Megan |
| Castenda, Carlos | McRoberts, Kassandra |
| Carter, Carl | Miller, Holly |
| Clark, Robert | Moore, Keanu |
| Cox, Nathan | Osho, Emely |
| Crisp, Yolanda | Perez, Briana |
| Cubbie, Trayneal | Perry, Rodney |
| Cupp, Ehlana | Porter, Darrian |
| Dennis JorJenna | Rhodes, Kelee |
| Elliott, Christian | Rhodes, Scott |
| Elliot, David | Rodriguez, Alexis |
| Elliot, Morgan | Rodriguez, Chassity |
| Elliot, Rhonda | Roger, Joanna |
| Farry, Tracy | Ross, Kristopher |
| Fears, Harrison | Savona, Juliann |
| Fisher, Lanall | Sinker, Lizhet |
| Fuller, Joshua | Smith, Stephen |
| Gibson, Larry | Smoot, Hannah |
| Goodrick, Hillary | Taylor, Anthony |
| Guhirwa, Jennifer | Taylor, Carrie |
| Hafshianna, Byisima | Taylor, Kenneth |
| Hancock, Barry | Taylor, Sara |
| Hancock, Ryann | Taylor, Shinesha |
| Hartwig, Kelly | Turner, Bruce |
| Harvey, Tanesha | Van Erem, Alexander |
| Hawkins, Jacqueline | Vaughn, Kelsy |
| Hewitt, Rynesha | Vennemann, Clarissa |
| Holezky, Richard | Wahlert, Jessica |
| Hodd, Devyn | Watts, Tyra |
| Ingle, Joshua | Williams, Shannon |
| Jackson, Brandon | Woods, Markivius |
| Johnson, Damien | Wright, Ephesian |
| Johnson, Raymond | Young, Tyler |
| Joyce, Samantha | Yulli-Oakman, Savannah |